**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

AMELIA EBERLE,

       Plaintiff,

v.                                                                                              NO. 11-CV-141 WJ/WDS

JERMAL JACKSON, LAWRENCE HARLAN,
JUSTIN DUNLAP, and JAMES SCOTT BAIRD,
all in their individual capacities, THE BERNALILLO
COUNTY BOARD OF COUNTY COMMISSIONERS,
and JOHN DOES 1-5, inclusive,

       Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' DAUBERT MOTION WITH REGARD TO THE EXPERT OPINION OF DAN MONTGOMERY**

THIS MATTER comes before the Court on Defendants' Daubert Motion with Regard to the Expert Opinion of Dan Montgomery **(doc. 58)**, filed January 31, 2012. For the reasons herein stated the Court finds that Defendant's motion is not well taken and thus is **DENIED**.

**PRELIMINARY MATTERS**

Plaintiff brings suit against Defendants alleging discrimination and other causes of action with regard to events that occurred during Plaintiff's time as a cadet at the Bernalillo County Sheriff's Office Academy. The facts of the case have been set forth in the Court's Memorandum Opinion and Order Granting Defendants' Motion for Summary Judgment in Part (doc. 74), filed herewith, and will not be repeated.

The parties have resolved several of the disputes about Mr. Montgomery's report, including statements in the report referencing medical and legal conclusions, and the adequacy of procedures for sexual harassment investigations and terminations. An additional area of

dispute pertains to certain of Mr. Montgomery's observations in his report involving his thoughts on the credibility of other witnesses in the case.  As to that particular testimony, the Court finds that Mr. Montgomery may not give an opinion with regard to the credibility of other witnesses, as such would not be helpful to the jury under Rule 702 because assessing credibility is within the province of the jury, and the jurors empaneled to try this case will not need nor will they receive instructions from Mr. Montgomery on how to determine witness credibility.  These instructions will be provided by the Court.  Nevertheless, this ruling does not preclude observations about the general context within law enforcement about accuracy in factual reporting.

These initial matters being resolved, the Court turns to the balance of Defendant's objections to Mr. Montgomery's testimony.

### *DAUBERT* ANALYSIS

In *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 597 (1993), the United States Supreme Court explained that Rule 702 assigns to the district judge a gate-keeping role to ensure that scientific testimony is both reliable and relevant.  *See also Dodge v. Cotter Corp*., 328 F.3d 1212, 1221 (10th Cir. 2003) (trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline).

**I.      Relevance**

Defendants object to the bulk of Mr. Montgomery's testimony concerning law-enforcement "best practices" because the issue in this case is not how well Defendants ran the Academy, but instead whether Defendants discriminated against Plaintiff as a woman.  Therefore, they argue that whether Defendants followed law enforcement best-practices is irrelevant.  The Court agrees in large part with Defendants' argument.  The Academy may have

been well run or poorly run, but whether Defendants discriminated against Plaintiff is a separate and mostly unrelated question. However, Plaintiff argues that Mr. Montgomery's testimony on general law-enforcement practices is helpful to the jury because it provides specialized knowledge about the law-enforcement context within which the alleged discrimination took place, and the Court agrees. Therefore, the Court holds that Mr. Montgomery's testimony is relevant to the extent that it is helpful to the jury to understand the specialized law-enforcement context of the events in question. However, to the extent that Mr. Montgomery's proposed testimony solely involves a criticism of how the Academy was run with no direct connection to the alleged discrimination, the testimony is not relevant and will be excluded. Accordingly, the Court will entertain further objections from the parties with regard to parsing the exact contours of this relevance, and will not allow extensive testimony on law-enforcement best practices unless Plaintiff can provide relevant justification for inclusion of such evidence in this case.

## II.     Reliability

With regard to reliability, the Court's gate-keeping function involves a two-step analysis. First, the Court must determine whether the expert is qualified by "knowledge, skill, experience, training or education" to render an opinion. *See* Fed.R.Evid. 702. In this case, Mr. Montgomery's qualifications involve primarily experience, and his experience is significant. He worked in various capacities within the law-enforcement community for forty-nine years, served as Chief of Police in Westminster, Colorado, for twenty-five, and was involved for significant periods in supervising the training of both lateral hires and new cadets. This, along with the other bases for expertise provided by Mr. Montgomery, is precisely the sort of experience which would qualify Mr. Montgomery to offer specialized knowledge and opinions on law-enforcement contexts, the area for which Plaintiff offers his expertise. Therefore the Court

concludes that Mr. Montgomery is qualified to give opinions about general law-enforcement subjects and law-enforcement training procedures and techniques.

The second step of the Court's reliability analysis, taken once the witness is found to be qualified, is to determine whether the expert's opinions themselves are "reliable" under the principles set forth under *Daubert* and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). *See Ralston v. Smith & Nephew Richards, Inc*., 275 F.3d 965 (10th Cir. 2001).  To assist in the assessment of reliability, the Supreme Court in *Daubert* listed four nonexclusive factors that the trial court may consider: (1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community.  509 U.S. at 593–94.  As noted, the list is not exclusive, and district courts applying *Daubert* have broad discretion to consider a variety of other factors. *Kumho Tire*, 526 U.S. at 150.

Under *Kumho Tire*, a reliability finding is a prerequisite for all expert testimony in areas beyond the knowledge and experience of lay jurors, not just technical or scientific evidence.  In *Kumho Tire*, the United States Supreme Court emphasized that the *Daubert* factors are not a "definitive checklist or test" and that a court's inquiry into reliability must be "tied to the facts of a particular case." *Id*.  Also, according to the *Kumho Tire* decision, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id*. at 152.  Therefore, the list of factors the Supreme Court outlined in *Daubert* "may not perfectly fit every type of expert testimony, particularly technical testimony based primarily on the training and experience of the expert." *United States*

*v. Monteiro*, 407 F.Supp.2d 351, 357 (D. Mass. 2006) (compiling cases).  In *Smith v. Ingersoll-Rand Co.*, the Tenth Circuit set forth the reliability inquiry this way:

> The purpose of the *Daubert* gatekeeping function is not to measure every expert by an inflexible set of criteria but to undertake whatever inquiry is necessary to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."

214 F.3d 1235, 1243 (10th Cir. 2000) (quoting *Kumho Tire*, 526 U.S. at 152).  In the present inquiry, which involves the field of law enforcement training, little can be expected in the way of rigid formulas, error rates, testing, or involvement of the scientific community.  Instead, the type of specialized knowledge achieved by Mr. Montgomery is the sort dependent upon experience involving years of trial and error, experience of slightly better and slightly worse results from different approaches, and common sense applied to broad knowledge and experience.  Therefore, the sort of scientific certainty required for some expert opinions is not necessary for Mr. Montgomery's opinion to prove helpful to the jury for purposes of Rule 702.  That being the case, the bases given by Mr. Montgomery for his opinions, including primarily his extensive experience in the relevant field, are sufficient to imbue his opinions with a level of reliability appropriate for their admission.  Any further disagreements that Defendants may have with the substance of Mr. Montgomery's report are properly directed at the weight which they may argue the jury should place on his opinions, not to their admissibility.  Accordingly, the Court holds that under the *Daubert* reliability analysis, Mr. Montgomery's opinions, to the extent that they are relevant, are sufficiently reliable to be admissible at trial.

Accordingly, Defendants' Daubert Motion with Regard to the Expert Opinion of Dan Montgomery is hereby **DENIED**; however, the Court reserves ruling on the specific permissible scope of Mr. Montgomery's testimony, and during pretrial matters will expect Plaintiff to

provide an explanation of the relevance of each portion of Mr. Montgomery's proposed testimony which Plaintiff seeks to provide to the jury.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE